```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
BUCHANAN INGERSOLL & ROONEY P.C.
f/k/a BUCHANAN INGERSOLL P.C.,  :

                Plaintiff,      :   REPORT & RECOMMENDATION

      -against-                 :   06 Civ. 13249 (RMB)(MHD)

NIZZA BURSTYN,                  :

                Defendant.      :
-------------------------------x
```

TO THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:

The law firm Buchanan Ingersoll & Rooney P.C. commenced this lawsuit against a former client, defendant Nizza Burstyn, to recover unpaid fees and expenses in the amount of $154,011.15. Suing under the terms of an engagement letter and invoking diversity jurisdiction, the firm asserted claims of breach of contract, account stated, quantum meruit and unjust enrichment.

Following the withdrawal of defendant's attorney, on December 4, 2007 the District Court granted an application for entry of a default by plaintiff based on defendant's failure to comply with her discovery obligations. The court then referred the case to me to conduct an inquest on damages. Based on the unopposed submission of plaintiff, we now recommend that judgment be entered in its favor and against defendant in the amount of $154,011.15, together with pre-judgment interest.

1

A. <u>Plaintiff's Showing</u>

In support of plaintiff's application, it has proffered a declaration by Robert Trombulak, the Billing Manager of the law firm. He attaches a set of invoices that the firm sent to Ms. Burstyn, reflecting the work performed and the charges for that work.(Declaration of Robert Trombulak, executed Jan. 11, 2008, at ¶¶ 3-6 & Ex. A)). In addition Elliot J. Blumenthal, a Senior Attorney at the firm, states in his own declaration that defendant paid the firm $15,000.00 as a retainer, and thereafter failed to pay any of the plaintiff's charges. (Declaration of Elliot J. Blumenthal, Esq., executed Jan. 15, 2008, at ¶ 6).

The monthly invoices include a summary of the time spent by an array of attorneys on tasks performed on defendant's behalf, together with descriptions of each activity and a breakdown of the fees generated by the work of each lawyer. They also list all disbursements by month and the totals due and owing on account of the fees and disbursements. Embracing work undertaken from November 2005 through May 2006, those invoices reflect charges totaling $184,011.15. Both Mr. Blumenthal and Mr. Tombulak represent, however, that the total unpaid is $154,011.15. (Blumenthal Decl. at ¶ 6; Trombulak Decl. at ¶ 5).

B. Pre-judgment Interest

Plaintiff also seeks an award of pre-judgment interest. Since the firm has established defendant's liability for money owed under a contract, it is entitled to such an award under C.P.L.R. § 5001.[1] Plaintiff does not indicate when the account was payable, although invoices were apparently sent on a monthly basis. Since, however, none of the post-December 2005 invoices include any reference to previous amounts still unpaid, we infer that the fees and disbursements were payable when the firm completed its work on the client's behalf. Accordingly, since the last invoice was dated June 9, 2006, we calculate interest as running from that date.

Based on a nine-percent statutory interest rate embodied in C.P.L.R. § 5004, we calculate that prejudgment interest, as of April 9, 2008, will be $25,411.83.

---

[1] Plaintiff does not specify the pertinent governing law, and in the absence of any such guidance we adopt the law of the forum state, particularly since the complaint alleges that Ms. Burstyn requested that the services on her account be performed by the New York office of the law firm even though it is apparently headquartered in Pennsylvania. (Compl. at ¶¶ 1, 6).

3

CONCLUSION

Based on plaintiff's undisputed showing and the representations by Messrs. Blumenthal and Trombulak as to the amount that is outstanding, defendant owes the plaintiff law firm $154,011.15 in fees and disbursements and $25,411.83 in pre-judgment interest as of April 9, 2008, or a total of $179,422.98. We recommend that judgment in that amount be entered in favor of plaintiff and against defendant.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Richard M. Berman, Room 650, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Thomas v. Arn, 470 U.S. 140, 150-52 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Dated: New York, New York
April 2, 2008

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been mailed today to:

Elliot J. Blumenthal, Esq.
Buchanan Ingersoll & Rooney P.C.
One Chase Manhattan Plaza
35th Floor
New York, New York 10005

Ms. Nizza Burstyn
5255 Collins Avenue
Apt. 3D
Miami Beach, Florida 33140

5