UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BUCHANAN INGERSOLL & ROONEY P.C.
f/k/a BUCHANAN INGERSOLL P.C.,

                          Plaintiff,

          - against -

NIZZA BURSTYN,

                        Defendant.
------------------------------------------------------------X

06 Civ. 13249 (RMB) (MHD)

**ORDER**

## I. Background

On or about April 2, 2008, United States Magistrate Judge Michael H. Dolinger, to whom the question of damages in this default proceeding had been referred, issued a Report and Recommendation ("Report"), recommending that "judgment be entered in [Buchanan Ingersoll & Rooney P.C.'s] favor and against [Nizza Burstyn] in the amount of $154,011.15" for unpaid legal fees and disbursements, and "$25,411.83 for pre-judgment interest as of April 9, 2008, [f]or a total of $179,422.98." (Report at 1, 4.)

The Report advises that "the parties shall have ten (10) days from this date to file written objections to this Report." (Report at 4.) To date, neither party has filed objections to the Report.

## II. Standard of Review

In reviewing a magistrate judge's report and recommendation, the court may adopt those portions to which no objections have been made and which are not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). An order is "clearly erroneous" only when the "reviewing court on the entire evidence is left with the definite and firm conviction that a

1

mistake has been committed." Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal citations omitted). A district judge may accept, reject, modify, in whole or in part, the findings and recommendations of the magistrate judge. See Santana, 476 F. Supp. 2d at 302; Deluca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994), aff'd, 77 F. 3d 578 (2d Cir. 1996).

## III. Analysis

The facts set forth in the Report are incorporated herein by reference.

Having conducted a review of the Report and applicable legal authorities, the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Dolinger appropriately determined that "[b]ased on plaintiff's undisputed showing and the representations by Messrs. Blumenthal and Trombulak as to the amount that is outstanding, defendant owes the plaintiff law firm $154, 011.15 in fees and disbursements and $25,411.83 in pre-judgment interest." (Report at 4); see also Carey v. Mui-Hin Lau, 140 F. Supp. 2d 291, 300 (S.D.N.Y. 2001); N.Y. C.P.L.R. § 5001.

## IV. Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report in its entirety. The Clerk of the Court is respectfully requested to enter judgment for Plaintiff in the amount of $154,011.15 in fees and disbursements and $25,411.83 in prejudgment interest from April 9, 2008, for a total of $179,422.98.

The Clerk is further directed to close this case.

Dated: New York, New York
April 21, 2008.

RICHARD M. BERMAN, U.S.D.J.